UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRELL LEE INGMIRE-LOPEZ,

                Plaintiff,

     v.

WHATCOM COUNTY JAIL, et al.,

                Defendants.

Case No. 2:22-cv-01606-RAJ-TLF

ORDER

     Plaintiff, a prisoner currently confined at Coyote Ridge Corrections Center, proceeds *pro se* in this action. Plaintiff previously moved to proceed *in forma pauperis* (IFP) in this action. Dkts. 1, 12. On April 17, 2023, the Court issued an order granting plaintiff's motion to proceed IFP and "directing institution to calculate, collect, and forward payments" pursuant to 28 U.S.C. § 1915. *See* Dkts. 20, 21. On the same date, this Court issued an order directing plaintiff to either show cause why his complaint should not be dismissed as deficient or to file an amended complaint correcting certain specified deficiencies in his complaint. Dkt. 22.

     On April 24, 2023, plaintiff filed two responses to the Court's order to show cause in which he objects to the Court's order granting IFP to the extent it requires him to repay the filing fee over time and argues that his complaint is sufficient. Dkts. 23, 24.

     Upon further review of plaintiff's submissions and the record in this case, it appears plaintiff failed to submit a complete and sufficient IFP application as he failed to

ORDER - 1

sign and return the "Acknowledgement and Authorization" portion of the IFP application. *See* Dkts. 1, 12. This portion of the IFP application provides:

> By choosing to bring a civil action, I acknowledge I am responsible for payment of the full $350.00 filing fee under 28 U.S.C. § 1915. I authorize the agency having custody of me to collect from my account and forward to the Clerk of the United States District Court the initial partial filing fee calculated under the Certification and Calculation section and payments pursuant to 28 U.S.C. § 1915(b).
> I understand I am required to make monthly payments of twenty (20) percent of my preceding months income credited to my account and the agency having custody of me will forward funds to the Clerk of the United States District Court each time the amount in the account exceeds ten ($10.00) dollars until the filing fee is paid in full.

*See* Dkt. 2-1.

Because plaintiff failed to sign and return the "Acknowledgment and Authorization" portion of the IFP form, his IFP application remains deficient and his motion to proceed IFP should not have been granted. Thus, if plaintiff wishes to proceed with this action, he must either cure his deficient IFP application by signing the "Acknowledgment and Authorization" portion of the IFP form, or he must pay the filing fee in full.

The Court notes that in objecting to the Court's order granting IFP, plaintiff argues that he should not be required to repay the filing fee because he is indigent. Dkt. 23. Plaintiff is advised that pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action by a prisoner without the prepayment of fees provided the prisoner files an affidavit including a statement of all assets such prisoner possesses and that they are unable to pay such fees or give security therefor. However, the statute makes clear that when a prisoner is granted leave to proceed in a civil action without the prepayment of fees, the prisoner is still required to pay the full amount of the filing fee,

ORDER - 2

they are simply permitted to do so over time rather than paying the entirety of the fee up front. *See* 28 U.S.C. § 1915(b).

The Court also notes that plaintiff mentions the word recusal at various points in his responses to the Court's order to show cause. Dkts. 23, 24. While somewhat unclear, plaintiff appears to be stating that <u>if</u> the Court requires him to repay the filing fee, then he intends to seek recusal. The Court notes that generally mere disagreement with a decision by the Court is not grounds for seeking recusal. However, to the extent plaintiff does intend to seek recusal in this action, he should file a separate motion explaining the basis for his request so that the Court may properly address it.

Accordingly, it is hereby ORDERED that on or before **July 24, 2023**, plaintiff shall either: (1) cure the IFP application deficiency by signing the "Acknowledgement and Authorization" portion of the IFP application (included as an attachment to this order); or (2) pay the filing fee in full. If plaintiff fails to either pay the filing fee in full or cure the IFP deficiency by signing and submitting the "Acknowledgment and Authorization" by **July 24, 2023**, the Court will consider this an indication that plaintiff does not intend to proceed with the action, and the Court will vacate the order granting IFP and recommend dismissing the action without prejudice.[1]

Dated this 26th day of June, 2023.

Theresa L. Fricke
United States Magistrate Judge

---

[1] The Court notes that on May 16, 2023, plaintiff filed a document titled "amendment" which appears may be intended as an amended complaint and on June 15, 2023, plaintiff filed a document titled "motion for order to correct." Dkts. 25, 26. The Court declines to consider these filings until plaintiff either pays the filing fee in full or corrects the deficiency in his IFP application by filing a signed "Acknowledgment and Authorization" portion of the IFP application.

ORDER - 3