UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRELL LEE INGMIRE-LOPEZ,

                                 Plaintiff,

        v.

WHATCOM COUNTY JAIL, et al.,

                                 Defendants.

Case No. 2:22-cv-01606-RAJ-TLF

ORDER ON MOTION FOR RECUSAL

        This matter comes before the Court on plaintiff's "motion for recusal" in which he requests that this Court recuse itself from this case. Dkt. 28. After review of plaintiff's motion, this Court will not recuse itself and refers plaintiff's motion and this order to Chief Judge David G. Estudillo pursuant to Local Civil Rule 3(e).

BACKGROUND

        Plaintiff, a prisoner currently confined at Coyote Ridge Corrections Center, proceeds *pro se* in this action. Plaintiff previously moved to proceed *in forma pauperis* (IFP) in this action. Dkts. 1, 12. On April 17, 2023, the Court issued an order granting plaintiff's motion to proceed IFP and "directing institution to calculate, collect, and forward payments" pursuant to 28 U.S.C. § 1915. *See* Dkts. 20, 21. On the same date, this Court issued an order directing plaintiff to either show cause why his complaint should not be dismissed as deficient or to file an amended complaint correcting certain specified deficiencies in his complaint. Dkt. 22.

On April 24, 2023, plaintiff filed two responses to the Court's order to show cause in which he objects to the Court's order granting IFP to the extent it requires him to repay the filing fee over time and argues that his complaint is sufficient. Dkts. 23, 24.

On June 26, 2023, the Court issued an order stating that upon further review of plaintiff's submissions and the record in the case, it became clear that plaintiff had failed to submit a complete and sufficient IFP application as he had failed to sign and return the "Acknowledgement and Authorization" portion of the IFP application. Dkt. 27; see Dkts. 1, 12. This portion of the IFP application provides:

> By choosing to bring a civil action, I acknowledge I am responsible for payment of the full $350.00 filing fee under 28 U.S.C. § 1915. I authorize the agency having custody of me to collect from my account and forward to the Clerk of the United States District Court the initial partial filing fee calculated under the Certification and Calculation section and payments pursuant to 28 U.S.C. § 1915(b).
> I understand I am required to make monthly payments of twenty (20) percent of my preceding months income credited to my account and the agency having custody of me will forward funds to the Clerk of the United States District Court each time the amount in the account exceeds ten ($10.00) dollars until the filing fee is paid in full.

Dkts. 2-1, 27.

The Court further stated that because plaintiff failed to sign and return the "Acknowledgment and Authorization" portion of the IFP form, his IFP application remained deficient and his motion to proceed IFP should not have been granted. Dkt. 27. Thus, the Court informed plaintiff that if he wished to proceed with this action, he must either cure his deficient IFP application by signing the "Acknowledgment and Authorization" portion of the IFP form, or he must pay the filing fee in full. *Id.*

The Court also noted that in objecting to the Court's order granting IFP, plaintiff argued that he should not be required to repay the filing fee because he is indigent. Dkts. 27, 23. The Court advised plaintiff that pursuant to 28 U.S.C. § 1915(a), a Court

may authorize the commencement of an action by a prisoner without the prepayment of fees provided the prisoner files an affidavit including a statement of all assets such prisoner possesses and that they are unable to pay such fees or give security therefor. Dkt. 27; *see* 28 U.S.C. § 1915(b). However, the statute makes clear that when a prisoner is granted leave to proceed in a civil action without the prepayment of fees, the prisoner is still required to pay the full amount of the filing fee, they are simply permitted to do so over time rather than paying the entirety of the fee up front. *Id.*

Accordingly, the Court ordered that, on or before July 24, 2023, plaintiff must either: (1) cure the IFP application deficiency by signing the "Acknowledgement and Authorization" portion of the IFP application; or (2) pay the filing fee in full. Dkt. 27. The Court stated that if plaintiff failed to either pay the filing fee in full or cure the IFP deficiency by signing and submitting the "Acknowledgment and Authorization" by July 24, 2023, the Court would consider this an indication that plaintiff does not intend to proceed with the action, and the Court would vacate the order granting IFP and recommend dismissing the action without prejudice. *Id.*

On July 5, 2023, plaintiff filed the instant motion requesting that the undersigned recuse from this case. Dkt. 28. The basis for plaintiff's motion appears to be that he disagrees with the requirement under 28 U.S.C. § 1915 that he re-pay the filing fee in this action and further disagrees with the undersigned's previous order directing that plaintiff show cause why his complaint should not be dismissed or file an amended complaint to cure various deficiencies in his original complaint. *Id.*

1

DISCUSSION

2      Pursuant to 28 U.S.C. § 455(a), a Judge of the United States shall disqualify

3  themselves in any proceeding in which their impartiality "might reasonably be

4  questioned." A federal judge also shall disqualify themselves in circumstances where

5  they have a personal bias or prejudice concerning a party or personal knowledge of

6  disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant

7  to 28 U.S.C. § 144:

8              Whenever a party to any proceeding in a district court makes
               and files a timely and sufficient affidavit that the judge before
9              whom the matter is pending has a personal bias or prejudice
               either against him or in favor of any adverse party, such judge
10             shall proceed no further therein, but another judge shall be
               assigned to hear such proceeding.

11

12     Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is

13  appropriate if "a reasonable person with knowledge of all the facts would conclude that

14  the judge's impartiality might reasonably be questioned." *Yagman v. Republic*

15  *Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with

16  whether there is the appearance of bias, not whether there is bias in fact. *Preston v.*

17  *United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d

18  869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United

19  States Supreme Court further explained the narrow basis for recusal:

20             [J]udicial rulings alone almost never constitute a valid basis
               for a bias or partiality motion. . . . [O]pinions formed by the
21             judge on the basis of facts introduced or events occurring in
               the course of the current proceedings, or of prior proceedings,
22             do not constitute a basis for a bias or partiality motion unless
               they display a deep seated favoritism or antagonism that
23             would make fair judgment impossible. Thus, judicial remarks
               during the course of a trial that are critical or disapproving of,

24

25

ORDER ON MOTION FOR RECUSAL - 4

or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

Pursuant to Local Civil Rule 3(f), "[w]henever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.*

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court and has no personal bias or reason to be partial to one side or the other in this matter. Plaintiff fails to offer evidence of any extrajudicial source for the undersigned's alleged bias, nor does he allege any facts or instances demonstrating a "deep-seated bias" that would make fair judgment impossible. Plaintiff has not shown a reasonable person could question this Court's impartiality. Accordingly, the undersigned will not recuse herself voluntarily from this case.

## CONCLUSION

Based on the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse herself voluntarily and in accordance with LCR 3(f), refers the motion to Chief Judge Estudillo.

The Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Estudillo's motion calendar.

The Court will defer consideration of any motions or filings in this case pending resolution of the recusal issue. The Clerk of the Court shall send a copy of this order to plaintiff.

Dated this 6th day of July, 2023.


*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

ORDER ON MOTION FOR RECUSAL - 6