UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRELL LEE INGMIRE-LOPEZ,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>WHATCOM COUNTY JAIL et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-cv-01606-RAJ-TLF<br><br>ORDER ON MOTION TO RECUSE (DKT. NO. 28) |

## I.　INTRODUCTION

This matter comes before the Court following referral by United States Magistrate Judge Theresa L. Fricke (Dkt. No. 29) of Plaintiff Darrell Lee Ingmire-Lopez' motion for recusal (Dkt. No. 28). For the reasons stated herein, the Court AFFIRMS Judge Fricke's decision.

## II.　BACKGROUND

Plaintiff is an incarcerated individual held at Coyote Ridge Corrections Center, proceeding pro se.

On April 17, 2023, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). (Dkt. No. 20.)  The Court directed the "institution to calculate, collect, and forward payments" pursuant to 28 U.S.C. § 1915. (*Id*.)  That same day, the Court issued a second order directing Plaintiff to show cause why his complaint should not be dismissed as deficient, or else to file an amended complaint addressing the specified deficiencies. (Dkt. No. 22.)

On April 24, 2023, Plaintiff responded to the Court's two orders, in part objecting to the Court's requirement that he repay the filing fee over time. (Dkt. No. 23.)  On June 26, 2023, the Court issued an order indicating it had improperly granted IFP status because Plaintiff's IFP application was deficient. (Dkt. No. 27.)  The Court ordered Plaintiff to "(1) cure the IFP application deficiency by signing the 'Acknowledgement and Authorization' portion of the IFP application . . . or (2) pay the filing fee in full." (*Id*.)

On July 5, 2023, Plaintiff filed the instant motion moving for Judge Fricke's recusal.

### III.   DISCUSSION

Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily.  LCR 3(f).  If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review.  *Id.*

28 U.S.C. § 455(a) provides that a judge of the United States shall disqualify himself or herself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 144 similarly requires recusal when a party to a proceeding in district court files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts

would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Applying this standard, Judge Fricke found Plaintiff made no showing of bias or prejudice, and this Court agrees. Plaintiff cites Judge Fricke's order requiring him to repay the filing fee over time and requiring him to show cause as to why his complaint was deficient. Neither of these reasons gives rise to bias or prejudice. Prior adverse rulings are almost never sufficient to establish bias necessary for recusal absent further evidence of deep-seated prejudice. *See McTiernan*, 695 F.3d at 891–92. Plaintiff fails to identify any other factual basis to question Judge Fricke's impartiality.

Thus, Plaintiff has not met his burden to show recusal is proper.

### IV. CONCLUSION

Accordingly, the Court hereby ORDERS Judge Fricke's refusal to recuse herself from this matter (Dkt. No. 29) is AFFIRMED.

Dated this 22nd day of August 2023.

David G. Estudillo
United States District Judge