1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

DARRELL LEE INGMIRE-LOPEZ,

7

Plaintiff,

v.

8

WHATCOM COUNTY JAIL, et al.,

9

Defendants.

10

Case No. 2:22-cv-01606-RAJ-TLF

REPORT AND
RECOMMENDATION

Noted for   December 8, 2023

11        Plaintiff, a prisoner currently confined at Coyote Ridge Corrections Center,

12    proceeds *pro se* and *in forma pauperis* (IFP) in this action. Dkts. 1, 20. For the reasons

13    below, the Court recommends that the Court's order granting plaintiff's application to

14    proceed IFP (Dkt. 20) should be vacated and plaintiff's IFP status should be revoked. In

15    addition, any funds taken from plaintiff's prison trust account pursuant to the order

16    granting IFP should be returned, and the action should be dismissed without prejudice

17    for failure to prosecute and for failure to state a claim. The Court further recommends

18    that plaintiff's "motion for order to correct" (Dkt. 26) and "motion for summary judgment"

19    (Dkt. 32) should be denied, as moot.

20    **A.    Vacate IFP and Dismiss for Failure to Prosecute**

21        Plaintiff previously moved to proceed IFP in this action. Dkts. 1, 12. On April 17,

22    2023, the Court issued an order granting plaintiff's motion to proceed IFP and "directing

23    institution to calculate, collect, and forward payments" pursuant to 28 U.S.C. § 1915.

24

25

REPORT AND RECOMMENDATION - 1

1  *See* Dkts. 20, 21. On the same date, this Court issued an order directing plaintiff to

2  either show cause why his complaint should not be dismissed as deficient or to file an

3  amended complaint correcting certain specified deficiencies in his complaint. Dkt. 22.

4      On April 24, 2023, plaintiff filed two responses to the Court's order to show cause

5  in which he objected to the Court's order granting IFP to the extent it required him to

6  repay the filing fee over time and argued that his complaint was sufficient. Dkts. 23, 24.

7  Plaintiff subsequently filed an "amendment" which the Court construes as an amended

8  complaint. Dkt. 25. Plaintiff has also filed a "motion for order to correct" (Dkt. 26) and

9  "motion for summary judgment" (Dkt. 32).

10      On June 26, 2023, the Court issued an order stating that upon further review of

11  plaintiff's submissions and the record in the case, the Court had discovered that plaintiff

12  had failed to submit a complete and sufficient IFP application as he failed to sign and

13  return the "Acknowledgement and Authorization" portion of the IFP application. *See*

14  Dkts. 1, 12, 27. The Court noted that this portion of the IFP application provides:

15      By choosing to bring a civil action, I acknowledge I am responsible for
       payment of the full $350.00 filing fee under 28 U.S.C. § 1915. I authorize the
16     agency having custody of me to collect from my account and forward to the Clerk
       of the United States District Court the initial partial filing fee calculated under the
17     Certification and Calculation section and payments pursuant to 28 U.S.C. §
       1915(b).
18         I understand I am required to make monthly payments of twenty (20)
       percent of my preceding months income credited to my account and the agency
19     having custody of me will forward funds to the Clerk of the United States District
       Court each time the amount in the account exceeds ten ($10.00) dollars until the
       filing fee is paid in full.
20
   *See* Dkts. 2-1, 26.
21
       The Court further noted that because plaintiff failed to sign and return the
22
   "Acknowledgment and Authorization" portion of the IFP form, his IFP application
23
   remained deficient and his motion to proceed IFP should not have been granted. Dkt.
24

25

REPORT AND RECOMMENDATION - 2

26. Thus, the Court stated that if plaintiff wished to proceed with the action, he must either cure his deficient IFP application by signing the "Acknowledgment and Authorization" portion of the IFP form, or he must pay the filing fee in full. *Id.*

The Court noted that in objecting to the Court's order granting IFP, plaintiff argued that he should not be required to repay the filing fee because he is indigent. Dkt. 23. The Court advised plaintiff that pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action by a prisoner without the prepayment of fees provided the prisoner files an affidavit including a statement of all assets such prisoner possesses and that they are unable to pay such fees or give security therefor. *Id.* However, the Court noted that when a prisoner is granted leave to proceed in a civil action without the prepayment of fees, the prisoner is still required to pay the full amount of the filing fee, they are simply permitted to do so over time rather than paying the entirety of the fee up front. *See* 28 U.S.C. § 1915(b). *Id.*

Accordingly, the Court ordered plaintiff to either: (1) cure the IFP application deficiency by signing the "Acknowledgement and Authorization" portion of the IFP application; or (2) pay the filing fee in full. *Id.* If plaintiff failed to either pay the filing fee in full or cure the IFP deficiency by signing and submitting the "Acknowledgment and Authorization" by July 24, 2023, the Court informed plaintiff the Court would recommend vacating the order granting IFP and a dismissal of the action without prejudice. *Id.*

Plaintiff subsequently moved to recuse the undersigned. Dkt. 28. The undersigned declined to recuse and this decision was affirmed by Chief Judge David G. Estudillo. Dkts. 29, 31. The Court extended plaintiff's deadline to sign the "Acknowledgment and Authorization" form or to pay the filing fee to September 15,

REPORT AND RECOMMENDATION - 3

1   2023. Dkt. 33. Plaintiff filed a notice of appeal of the Court's order affirming the

2   undersigned's decision to decline recusal. Dkt. 35. On October 6, 2023, plaintiff

3   submitted an "Acknowledgment and Authorization" form which is signed but which also

4   states he was "forced to sign." Dkt. 39. On October 27, 2023, the Court of Appeals

5   dismissed plaintiff's appeal of the order on plaintiff's motion for recusal for lack of

6   jurisdiction. Dkt. 40.

7          In light of plaintiff's assertion that he was "forced to sign" the "Acknowledgment

8   and Authorization" form it is not clear to the Court that plaintiff intends to prosecute this

9   action; as it appears he continues to object to the fact that money will be taken out of his

10  account if he proceeds IFP in this action, the Court recommends that the order granting

11  plaintiff's IFP be vacated, that his IFP status be revoked, that any money taken from his

12  account pursuant to the Court's order (Dkt. 20) be returned, and that the action be

13  dismissed without prejudice for failure to prosecute.

14  **B.      Dismissal for Failure to State a Claim**

15         Additionally, plaintiff's amended complaint (Dkt. 25), and this action, should be

16  dismissed without prejudice for failure to state a claim.

17         The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis*

18  "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b)

19  "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief

20  against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

21  § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact.

22  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds*

23  *by Neitzke v. Williams*, 490 U.S. 319 (1989).

24

25

REPORT AND RECOMMENDATION - 4

1    Before the Court may dismiss the complaint as frivolous or for failure to state a

2  claim, though, it "must provide the [prisoner] with notice of the deficiencies of [the]

3  complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v.*

4  *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX*

5  *Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman*

6  *Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d

7  1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted

8  "where the amendment would be futile or where the amended complaint would be

9  subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing

10  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport*

11  *Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

12    The Court liberally construes *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97,

13  106 (1976). Yet, Rule 8(a) of the Federal Rules of Civil Procedure provides that in order

14  for a pleading to state a claim for relief it must contain a short and plain statement of the

15  grounds for the court's jurisdiction, a short and plain statement of the claim showing that

16  the pleader is entitled to relief, and a demand for the relief sought. The statement of the

17  claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is

18  and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

19    To avoid dismissal, a complaint must contain sufficient factual matter, accepted

20  as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S.

21  662, 664 (2009). The factual allegations must be "enough to raise a right to relief above

22  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

23  complaint may be dismissed if it lacks a cognizable legal theory or states insufficient

24

25

REPORT AND RECOMMENDATION - 5

1    facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir.

2    2013). A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v.*

3    *Williams,* 490 U.S. 319, 325 (1989); *Wainscott v. San Diego Cty.*, 9 F.3d 1555 (9th Cir.

4    1993).

5         To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the

6    conduct complained of was committed by a person acting under color of state law, and

7    (2) the conduct deprived a person of a right, privilege, or immunity secured by the

8    Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

9    *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). The first step in a

10   § 1983 claim is therefore to identify the specific constitutional right allegedly infringed.

11   *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must

12   allege facts showing how individually named defendants caused, or personally

13   participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d

14   1350, 1355 (9th Cir. 1981). Section 1983 is the appropriate avenue to remedy an

15   alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769

16   F.2d 1350, 1354 (9th Cir. 1985).

17        The Federal Tort Claims Act (FTCA) "gives federal courts jurisdiction over claims

18   against the United States for money damages 'for injury or loss of property, or personal

19   injury or death caused by the negligent or wrongful act or omission of any employee of

20   the Government while acting within the scope of his office or employment, under

21   circumstances where the United States, if a private person, would be liable to the

22   claimant in accordance with the law of the place where the act or omission occurred.'"

23   *Sheridan v. United States,* 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)).

24

25

REPORT AND RECOMMENDATION - 6

By order dated April 17, 2023, the Court declined to serve plaintiff's complaint and directed him to show cause why his claims should not be dismissed and to file an amended complaint. Dkt. 22. The Court's order stated, in relevant part:

> [P]laintiff has not filed a complaint; instead, he has filed a 50-page collection of numerous (and often illegible) documents that do not specify any conduct by any specific defendant that forms the basis of a legally cognizable claim. While attachments and exhibits might sometimes provide evidentiary support for the allegations in a complaint, they are not a substitute for a well-pleaded complaint. It appears plaintiff may seek to allege claims against the Whatcom County Jail and Western State Hospital, and that he asserts he has been deprived of his "family inheritance." Dkt. 1 at 2. But plaintiff's allegations are vague, difficult to comprehend, and fail to connect any conduct by any particular defendant to any legal claim.
>
> Plaintiff has also filed several documents entitled "amendments." *See* Dkts. 13, 16, 19. None of these documents constitutes a proper complaint and, furthermore, plaintiff may not file piecemeal amendments but must instead file a single, complete, amended complaint that contains all of his claims. Moreover, none of the proposed "amendments" cures the deficiencies in plaintiff's original filing.[1]
>
> The Court cannot review the proposed complaint as written; "it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005). Therefore, if Plaintiff decides to pursue this lawsuit, he is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.
>
> …
>
> Due to the deficiencies described above, the Court will not serve the complaint. If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein […]. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.
>
> Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint  must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.
>
> The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the

---

[1] To the extent the "amendments" can be understood, they appear primarily to seek this Court's involvement in plaintiff's ongoing criminal proceeding. The Court may not provide such relief. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances).

original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

   The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

Dkt. 22.

Plaintiff filed a response to the Court's order to show cause (Dkt. 24) and a document titled "amendment" which appears to be intended as an amended complaint (Dkt. 25). Plaintiff subsequently also filed documents titled "motion for order to correct" (Dkt. 26) and "motion for summary judgment" (Dkt. 32).

In his response to the Court's order to show cause, plaintiff disputes that his original complaint is deficient. Dkt. 24. He appears to argue that either one or all of his claims are "federal economic etc. tort claim[s]" but also states that the "U.S.A. Constitution is the identity of my complaint" and identifies the "legal authorities" involved as the "1st through 14th U.S. Cons. Amendments." *Id.* He refers to "DVDs showing cops – not officers stopping [sic] on my neck and back breaking them etc. for no other reason than to stop me from going over the boarder [sic] to claim my inheritance etc. Attempting to kill me for the 2nd time with above physical violence and words[.]" *Id.* He asserts this "show of cause is clearly seen for the 2nd time by the same culprits who tried to kill me in the 1st incident which was dismissed like (15) years ago!" *Id.* He refers to a "pattern of false incarceration by Whatcom County Jail" and a "conspiracy in the U.S.A. legal system." *Id.* He states his claims took place in Seattle, WA but that it also includes California and that this is "the 2nd time the same exact violations took place. The 1st time all false criminal charges were dismissed." *Id.*

REPORT AND RECOMMENDATION - 8

1    Plaintiff contends his factual allegations are sufficient "once you apply special

2    circumstances due to the paranormal etc. involved." *Id.* He asserts the case "involves

3    the legal system being used in the wrong religious reasons." He indicates the "named

4    culprits envolved [sic] have personally participated in the harm to me-my inheritance –

5    named culprits to stat – James Hill. Mayor of Blaine, WA, Finoa Hill … Wendy Jones

6    and Steve Gettermen – Chiefs of Whatcom County Jail." *Id.* He refers to the "road

7    apples that has given me a year and a half more time when my plea agreement was

8    time served – they the DA Jenkins (which I'm also naming in this civil proceeding)

9    changed the plea bargain [sic] to whatever he wanted." *Id.* Plaintiff refers to "false arrest"

10   "false charges." *Id.* He asks "all criminal charges I've ever been charged with be

11   dismissed – I receive my already obtained by my family inheritance – diplomatic

12   immunity- all that's in my tort claim be received etc. that there's medication and

13   hearings set etc." *Id.*

14       In his "amendment" plaintiff alleges "wrongful act of federal government

15   employee – Mary Head – (U.S. Security and exchange office …) – while in the scope of

16   her office 28 U.S.C. § 1346(b) – Recovery of my government triple A Gold Bonds etc.

17   under the fed. Tort claims act for negligence (government). Dkt. 25. She denied to have

18   my triple A Gold bonds – securitys [sic] etc. reissued etc." He alleges he's been "burtialy

19   [sic] beaten – sexually assaulted etc by the same cops etc as (15) years prior – and

20   have and am being denied medical care etc. Title 11 of the Economic Opportunity Act of

21   1964 – malicious prosecution arose from law enforcement for the 2nd time § 280(a) –

22   fed. Tort claims act 28 U.S.C.S. §§ 2671-80 to recover cost – physical harm induced by

23   malicious law-enforcement activity etc." *Id.* He asserts he has presented multiple forms

24

25

REPORT AND RECOMMENDATION - 9

1    of medical evidence that limits his activities- so "I'm also entitled (3) co-counsel along

2    with loss of economics of innovations – medical injurys -etc. worth way over $50,000 of

3    innovations." *Id.* He states he's shown medical and economic injuries because of "law

4    enforcement activities – Whatcom County Jail." *Id.*

5        Plaintiff's amended complaint and response to the Court's order to show cause

6    fail to cure the deficiencies identified by the Court in the April 17, 2023, order declining

7    service, directing plaintiff to show cause, and granting plaintiff leave to amend. Dkt. 22.

8        Plaintiff's filings fail to comply with the Rule 8 requirement that his complaint

9    contain a short and plain statement of the claim showing that the pleader is entitled to

10    relief. Plaintiff's filings include reference to an inheritance, a physical and/or sexual

11    assault by unidentified "officers" while crossing the border to claim his inheritance,

12    failure to issue Triple A Gold Bonds, a pattern of false incarceration and conspiracy in

13    the legal system, malicious prosecution and law enforcement activity, that he was given

14    me a year and a half more time than provided in his plea agreement, "false arrest", and

15    "false charges."

16        Plaintiff's allegations remain vague, and fail to adequately connect any specific

17    conduct by any particular defendant to any discernable legal claim. Plaintiff's allegations

18    lack a cognizable legal theory, assert insufficient facts to support a cognizable legal

19    theory or state insufficient facts to state a claim for relief that is plausible on its face.

20    Although plaintiff's filings include the names of some individuals and entities it is unclear

21    if plaintiff intends to name them as defendants and, to the extent he does, he fails to

22    connect those individuals to specific violations and or adequately support his allegations

23    with specific facts.

24

25

REPORT AND RECOMMENDATION - 10

1    Furthermore, some of plaintiff's claims seek to involve the Court in plaintiff's

2  ongoing criminal proceedings. As the Court previously stated in its order declining

3  service, federal courts will not intervene in a pending state criminal proceedings absent

4  extraordinary circumstances. Dkt. 22; *Younger v. Harris*, 401 U.S. 37 (1971); *Arevalo v.*

5  *Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (federal courts should abstain from

6  intervening in pending criminal proceedings when: "(1) there is an ongoing state judicial

7  proceeding; (2) the proceeding implicates important state interests; (3) there is an

8  adequate opportunity in the state proceedings to raise constitutional challenges; and (4)

9  the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing

10  state judicial proceeding."). Plaintiff alleges no facts to indicate that intervention in his

11  pending criminal case would be appropriate here.

12    Because plaintiff has already been granted the opportunity to state a viable

13  constitutional claim by filing an amended complaint – but the amended complaint

14  remains fatally deficient without any indication the deficiencies discussed above can be

15  cured – dismissal of this action without prejudice for failure to state a claim is proper.

16  **C.    "Motion for Order to Correct" and "Motion for Summary Judgment"**

17    Plaintiff has also filed a "motion for order to correct" (Dkt. 26). The Court should

18  deny plaintiff's motion (Dkt. 26) as moot or premature as plaintiff has failed to file a

19  viable complaint in this action. Even if plaintiff's motion for summary judgment were

20  considered in evaluating plaintiff's amended complaint, it fails to cure the deficiencies.

21  Plaintiff's motion appears to ask the Court to intervene in his ongoing criminal

22  proceedings by setting a hearing in his criminal case and withdrawing his guilty plea.

23  Dkt. 26. Plaintiff appears to cite Washington State Superior Court Criminal Rule (CrR)

24

25

REPORT AND RECOMMENDATION - 11

7.8(b). *Id.* Plaintiff alleges "Whatcom County Jail and its conspirators in Whatcom Superior Court etc. has and is putting my life and reputation at risk by using deception intentionally and knowingly while I was falsely forced injected with time released meds that was killing me etc." *Id.*

Plaintiff appears to allege his defense attorney in his criminal case told him his plea deal would consist of 1 strike 18 months of regular parole and a time served sentence but when he received the judgment and sentence it was "nothing like" his defense attorney told him it would be. *Id.* He appears to allege he was sentenced to more time than he was told he was agreeing to in pleading guilty. *Id.* He also appears to allege the Court improperly issued "sexual assault keep away orders" against him. *Id.* He also appears to allege he was pressured into accepting the plea deal by the threat that he would be sent back to WSH (Western State Hospital) if he did not accept the deal. *Id.*

The Court notes it is unclear whether plaintiff intends to seek this relief in this Court or in his state court proceeding or both. At the top of the motion plaintiff references the "District-Appeals-Superior Court's Seattle Washington -County of Whatcom" and the caption of his case lists the *State of Washington v. Darrell Lee Ingmire-Lopez*. *Id.* Plaintiff includes the case number in this action as well as what appear to be the case numbers in his criminal cases. *Id.*

If plaintiff is seeking relief in the state court his motion should be filed in that court. To the extent plaintiff is seeking this Court's assistance in withdrawing his guilty plea or "correcting" his judgment and sentence under Washington State law, his remedy would appear to properly lie in the state court.

REPORT AND RECOMMENDATION - 12

1    Furthermore, to the extent plaintiff is seeking to challenge the criminal

2  proceedings against him on federal constitutional grounds, such claims must be raised

3  in a habeas corpus petition. "Congress has determined that habeas corpus is the

4  appropriate remedy for state prisoners attacking the validity of the fact or length of their

5  confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). "A habeas petition under

6  [28 U.S.C. §] 2241 is the appropriate vehicle for a challenge to a person's detention

7  when the person is in custody, but not pursuant to the judgment of a state court, e.g., it

8  is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v.*

9  *Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018)

10  (citing *Hoyle v. Ada Cnty.*, 501 F.3d 1053, 1058 (9th Cir. 2007)). A habeas corpus

11  petition under 28 U.S.C. § 2254 would—*after exhaustion of state court remedies*—be

12  the appropriate vehicle to challenge confinement pursuant to a final judgment of

13  conviction. "A civil rights action, in contrast, is the proper method of challenging

14  conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing

15  *Preiser*, 411 U.S. at 498–99) (quotations omitted).

16    Accordingly, to the extent plaintiff is seeking to challenging the fact of his custody

17  and seeks immediate release, his claims are properly raised in a 28 U.S.C. § 2241 or

18  §2254 petition, but generally only after exhaustion of his state court remedies.

19    Furthermore, as noted above, it would be inappropriate for the federal Court to

20  intervene in plaintiff's ongoing criminal proceedings. *See Younger*, 401 U.S. 37. Based

21  upon plaintiff's representations, it appears plaintiff's state court criminal case is ongoing

22  in the sense that he indicates he is seeking to withdraw his guilty plea or correct his

23  judgment and sentence, the proceedings involve a criminal prosecution implicating

24

25

REPORT AND RECOMMENDATION - 13

1   important state interests, and there is nothing to indicate plaintiff would be prevented

2   from raising in his state court criminal case the same claims he raises in the instant

3   complaint in federal court. *See id.*; *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir.

4   2018). Plaintiff also fails to present sufficient facts in his complaint or motion to show

5   risk of great and immediate irreparable harm; there is no proof of any extraordinary

6   circumstances requiring the Court's intervention. *Id.*

7          Accordingly, the Court should deny plaintiff's "motion to correct" (Dkt. 26).

8          Plaintiff has also filed a motion for summary judgment and an

9   "attachment/amendment" to his motion for summary judgment. Dkts. 32, 34. The Court

10  should deny plaintiff's motion (Dkt. 32, 34) as moot or premature as plaintiff has failed to

11  file a viable complaint in this action. Even if plaintiff's motion for summary judgment

12  were considered in evaluating plaintiff's amended complaint, it fails to cure the

13  deficiencies or separately state a claim. In plaintiff's "attachment/amendment" to his

14  motion for summary judgment he again raises issues related to his criminal

15  proceedings.

16          He again, in the summary judgment documents (Dkts. 32, 34), contends his plea

17  agreement was not what his defense attorney represented it to be. He alleges abuse of

18  process and "due process requirements" asserting a sentence may not be set in

19  reliance on improper and inaccurate information and that he was unknowingly charged

20  with harming an unborn child. He alleges prosecutorial misconduct at sentencing

21  indicating he was forced to sign paperwork under "tortured meds." Many of these

22  allegations are not included in the amended complaint and are unclear or lack sufficient

23  facts for the Court to properly evaluate them. Furthermore, as discussed above, to the

24

25

REPORT AND RECOMMENDATION - 14

extent plaintiff is seeking to challenge the criminal proceedings against him on constitutional grounds, such claims must be raised in a habeas corpus petition. And, as noted above, it would be inappropriate for the federal Court to intervene in plaintiff's ongoing criminal proceedings. *See Younger*, 401 U.S. 37.

Accordingly, plaintiff's motion for summary judgment (Dkts. 32, 34) should be denied.

**D.      Plaintiff's Response to Minute Order**

Plaintiff has also filed a response to the Court's order re-noting his motion for order to correct and motion for summary judgment and asking the Court to proceed without further delay. Dkt. 39. As an attachment to his response plaintiff includes some statements indicating that he is being improperly forcibly medicated and requests that the "forced meds be reversed." *Id.* He also makes the generalized assertion that "Whatcom County Jail uses solitary confinement – cruel and unusual punishment etc. to fake mental health evaluations." *Id.*

Even if these allegations -- which are not included in plaintiff's complaint or amended complaint -- were considered by the Court for purposes of analysis under *Ashcroft v. Iqbal*, in evaluating plaintiff's complaint, dismissal would be appropriate – the new allegations are vague and fail to adequately connect any specific conduct by any particular defendant to any discernable legal claim. *Id.* Plaintiff's allegations state insufficient facts to support a cognizable legal theory or to state insufficient facts to state a claim for relief that is plausible on its face. *Id.*

REPORT AND RECOMMENDATION - 15

CONCLUSION

For the reasons above, the Court should vacate the order granting IFP (Dkt. 20), revoke plaintiff's IFP status, direct that any funds (taken from plaintiff's prison trust account pursuant to the order granting IFP) be returned, and dismiss the action without prejudice for failure to prosecute. Additionally, the amended complaint (Dkt. 25), and the action as a whole, should be dismissed for failure to state a claim. Plaintiff's "motion for order" (Dkt. 26) and motion for summary judgment (Dkt. 32) should be denied. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **December 8, 2023**, as noted in the caption.

Dated this 13th day of November, 2023.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16